Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| Jason Crews, | Case No.: cv23-02032-PHX-JZB |
|---|---|
| Plaintiff, | |
| v. | Memorandum in Support of Plaintiff's *Ex Parte* Application for Subpoena Duces Tecum to Determine Location Where Defendant Russel Straub Can Be Served |
| SunUP America, LLC, *et al*. | |
| Defendants. | |

## I. INTRODUCTION / SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 45, Plaintiff, Jason Crews ("Crews"), hereby submits this memorandum in support of the Plaintiff's *Ex Parte* Application for Subpoena Duces Tecum to Determine Location Where Defendant Russel Straub Can Be Served. The subpoenas requested are narrow, limited, and restricted. In support thereof, Plaintiff states as follows:

Plaintiff is unaware of counsel for Defendant in this matter. The reason for seeking this order is that Plaintiff must identify a location where Defendant Russ Straub ("Straub") can be served via subpoena. Plaintiff was therefore unable to confer with Defendant prior to this filing.

///

## I. BACKGROUND

Crews has alleged alleging that throughout the month of August and September 2023, Defendants placed at least four illegal telemarketing phone calls to Plaintiff. During one of those calls, the caller identified the calling company as SunUP America, LLC. Later during the course of his investigation SunUP America, LLC, provided evidence that the calls were placed by DigitalGreenMedia, LLC on their behalf.

At all times relevant Straub was and is currently the manager and CEO of DigitalGreenMedia, LLC ("DGM"), Exhibit 1.

Plaintiff requested a waiver of service from all parties by mailing Notice of Lawsuit and Request to Waive Service of a Summons and supporting documents on October 11, 2023. The waiver sent to Straub 32045 Castle Court, Suite 202, Evergreen, CO 80439 was returned undeliverable on October 14, 2023, Exhibit 2.

After the allotted 30 days allotted to return the waiver, Plaintiff attempted to serve Straub at the following locations, and has been unsuccessful.

- November 21, 2023 - 26007 STANLEY PARK RD, Evergreen, CO 80439. According to the Jefferson Count, Colorado, Tax Assessors office, this is a residence owned by Straub, Exhibit 3, 4.
- November 25, 2023 - 33528 Bluebell Cir, Evergreen, CO 80439. According to the Jefferson Count, Colorado, Tax Assessors office, this is a residence owned by Straub, Exhibit 3, 5.
- November 25, 2023 - 33468 BLUEBELL CIR, Evergreen, CO 80439, Evergreen, CO 80439. According to the Jefferson Count, Colorado, Tax Assessors office, this is a residence owned by Straub, Exhibit 3, 6.
- 2023-12-10 - 32156 Castle Ct #202, Evergreen, CO 80439. According to the Colorado Secretary of State, Exhibit 7, and the Defendant DGM's website, https://archive.ph/cpjzH, is the their address, and a possible location for substituted service.

Plaintiff has reviewed *inter allia* the following sources in order to locate Straub:

- Colorado Secretary of State – Straub has numerous businesses registered in Colorado, all of which show the address 32045 Castle Ct Ste 202, Evergreen, CO 80439.
- Jefferson County Colorado Tax Accessor – Straub is the shown as the owner of the following:
    - 33528 Bluebell Cir, Evergreen, CO 80439
    - 33468 Bluebell Cir, Evergreen, CO 80439
    - 26007 Stanley Park Rd, Evergreen, CO 80439
- Jefferson County Colorado Tax Accessor – SBBNET, LLC is the shown as the owner 32045 Castle Ct Ste 202, Evergreen, CO 80439.
- Massachusetts Secretary of State
    - Straub is the president of SBBNET, LLC with an address of 3383 BLUEBELL CIRCLE EVERGREEN, CO 80439 and 33468 Bluebell Cir, Evergreen, CO 80439[1]
    - Straub is the president of PRECIS, INC. with an address of 40 CUMMINGS RD. #6., BROOKLINE, MA 02146, which was dissolved in 1998.
- Thompson Reuters CLEAR report lists Straub's probable address as 33468 BLUEBELL CIR, Evergreen, Jefferson County,  CO 80439.
- PACER
    - Straub was served at 33468 Bluebell Cir, Evergreen, CO 80439 in December 2020, see *Encinas v. SBBNET, INC et al.*, 1:20-cv-03191-SKC, USDC Colorado.

---

[1] 3383 BLUEBELL CIRCLE EVERGREEN, CO 80439 does not appear to be a valid address according to google maps, and the Jefferson County Tax Accessor's website. Historical annual reports indicate that the address changed sometime between 2017 and 2018 from 33468 Bluebell Cir, Evergreen, CO 80439.

3

- - DigitalGreenMedia, LLC, was listed as a creditor in Sunco Liquidation, Inc. (17-10561), United States Bankruptcy Court, D. Delaware, Doc. 633, with an address 32045 Castle Ct Ste 202, Evergreen, CO, 80439.
- Unicourt
- Google
  - DGM's website http://cleanenergyauthority.com
- Linked-in
  - Straub's profile https://www.linkedin.com/in/russellstraub/, showing Evergreen, CO.

Plaintiff has identified the following third parties who are likely to possess records identifying a location for service:

- Public records indicate that number (303)679-6683 is associated with Russel Straub and the service provider is T-Mobile USA, Inc.
- The Colorado Secretary of State show that Straub is the sole managing member of DGM. DGM's website utilizes the domain cleanenergyauthority.com which is registered through Godaddy.com, LLC. While the public registration information is obfuscated through a proxy service, Domains by Proxy, Godaddy.com requires valid contact information for the registrants of all domain names hosted on their service.

Plaintiff requests the following language for said subpoenas:

- T-Mobile USA, Inc: "1. Identifying information of the subscriber(s) associated with (303)679-6683 from August 29, 2023, to present including name, address, telephone number, and e-mail. 2. In the event the number has been ported to another service provider, please provide the name of the service provider to whom it was ported and the date or porting."

- Godaddy.com, LLC: "Identifying information for the registrants associated with the domain cleanenergyauthority.com including name, address, telephone number, and e-mail for all contacts."

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against Straub because he continues to evade service of process and create corporations with intentionally incorrect contact information. The subscriber(s) associated with these services will have an opportunity to oppose the requested subpoenas, to the extent they are granted, by seeking to quash the same, as the subpoenaed entities should provide notice to their customers. Straub will have the opportunity to oppose the lawsuit.

## II. LEGAL AUTHORITY AND ARGUMENT

FRCP 26 gives the Court wide discretion to manage the discovery process. While expedited discovery is not the norm, situations like this support it. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes *prima faca* case of TCPA violations.

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1) the concreteness of plaintiff's showing of a *prima facie* claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010)).

Plaintiff satisfies factor 1 because he states a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoena is limited in nature to allow identification of the Defendant, amend the complaint, and effect service of process. Plaintiff is unable to identify any alternative way of obtaining contact information for the party operating the telephone number (factor 3). Plaintiff attempted to get the information from publicly available sources, but Straub does not appear to be maintaining accurate contact information with the various state agencies and or misleading Plaintiff's process servers. Finally, there should be no significant privacy interest in the commercial transaction between an individual or entity operating a telemarketing scheme and the various providers requested herin (factor 5).

In a similar case the Court granted a request for early discovery to identify a TCPA defendant. *Stark v. ABC, Inc. et. al*, 19-cv-2405, Dkt. 13. There, the Court noted the following test:

"First, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that would make service of process possible."

Applying that test, the first factor is met as the telephone call received from Defendants identify that a true entity is behind the calls.

As to the second factor, a good faith effort has also been made to identify Defendant prior to making this motion. Plaintiff has searched through various online databases to find a Villalobos but has been unable to.

As to the third factor, Plaintiff believes he has asserted all the elements of a TCPA claim in his Complaint.

As to the fourth factor, the information gathered from the subpoena, including name and address, will allow service of process to be commenced.

1   This relief is sought *ex parte* because Plaintiff has not been able to hold a Rule 26
2   conference and the Defendant has yet to be served.

## IV. CONCLUSION

Plaintiff requests the Court grant this request, instruct the Clerk to issue the requested subpoena attached, and extend the current service deadline by ninety (90) days to allow time for time for third parties to respond, and for Plaintiff to effectuate service.

Dated this December 11, 2023.

                                               /s/*Jason Crews*
                                              Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By:     /s/*Jason Crews*
       Jason Crews

8